# United States District Court
for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>William Jasper Chaffin</u>          Case Number: <u>3:10-00252</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>July 27, 2011</u>

Original Offense: <u>18 USC 2250(a) Failure to Register Under Sex Offender Registratoin and Notification Act</u>

Original Sentence: <u>18 months' custody and ten years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>          Date Supervision Commenced: <u>November 21, 2011</u>

Assistant U.S. Attorney: <u>Carrie Daughtrey</u>          Defense Attorney: <u>Mariah Wooten</u>

---

### PETITIONING THE COURT

__X__ To issue a Summons.

_____ To issue a Warrant.

---

**THE COURT ORDERS:**

☐ No Action

☐ The Issuance of a Warrant:

    ☐ Sealed Pending Warrant Execution

      (cc: U.S. Probation and U.S. Marshal only)

☒ The Issuance of a Summons.

☐ Other

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Considered this __3__ day of __July__, 2013
and made a part of the records in the above case.

_____
Donna Jackson
Intensive Supervision Specialist

_____
Todd J. Campbell
U. S. District Judge

Place     <u>Nashville, TN</u>

Date     <u>July 2, 2013</u>

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.              **The Defendant shall participate in sex offender assessment and treatment, including, but not limited to, polygraph examinations recommended by the treatment provider and as directed by the U.S. Probation Office. The Defendant shall contribute to the cost based on the ability to pay as determined by the U.S. Probation Office.**

                Mr. Chaffin has failed to participate in sex offender treatment as directed by the U.S. Probation Office. The details of this violation are listed in the Compliance with Supervision Conditions and Prior Interventions section of this petition.

2.              **The Defendant shall not associate with children under the age of 18 nor frequent, volunteer, or work at places where children congregate (e.g., playgrounds, parks, malls, day-care centers or schools) unless approved by the U.S. Probation Office.**

                On June 7, 2013, this officer made contact with Mr. Chaffin at his sister's residence at 154 East Woodrow Street, Gallatin, Tennessee. Mr. Chaffin met this officer outside, but admitted there was a minor child inside. Mr. Chaffin also advised that he stays overnight with his nephew on occasion and his nephew's fifteen year old son is present.

3.              **The Defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.**

                The U.S. Probation Office instructed Mr. Chaffin to provide a monthly accounting of his income and expenses on April 30, May 29, and June 7, 2013. This was requested because Mr. Chaffin continually asserted he did not have the money to drive to sex offender treatment. He has failed to provide the information requested.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Chaffin began his term of supervised release on November 21, 2011. Mr. Chaffin resides with his brother-in-law and niece in Gallatin, Tennessee, and is unemployed. He currently receives $710 in SSI Disability income and $30 worth of food stamps each month.

Mr. Chaffin met with this probation officer on November 29, 2011, and signed a contract program plan for sex offender treatment and polygraphs. On December 13, 2011, Dr. Moore, the sex

offender treatment provider scheduled Mr. Chaffin for a psychosexual evaluation, to be conducted on December 27, 2011. On December 20, 2011, this officer verified with Mr. Chaffin that he was aware of his appointment date and time. On December 27, 2011, the defendant's brother-in-law called the U.S. Probation Office and informed he and the offender had car trouble and could not make the appointment. Dr. Moore rescheduled the appointment for January 24, 2012. Mr. Chaffin was offered an earlier date of January 3, 2012, but he opted for the later date. On January 24, 2012, Dr. Moore completed the psychosexual examination. The report advised Mr. Chaffin denied all past sexual offenses. Based on this denial, Dr. Moore recommended a specific incident polygraph regarding the offender's past sexual offense of conviction. Mr. Chaffin had no income at the time and advised he could not afford to drive to Cookeville, Tennessee, to participate in the polygraph. The U.S. Probation Office contracts with a polygrapher in Cookeville and would be paying for the service. Mr. Chaffin was advised he would be sent for the polygraph after he started receiving SSI disability income. During a residence contact on June 4, 2012, Mr. Chaffin advise he would start receiving his disability check in July 2012. He was instructed at that time to schedule a polygraph for July.

On July 18, 2012, Mr. Chaffin was sent a letter from the probation office instructing him to schedule a polygraph. He was provided the contact information for the polygrapher. Mr. Chaffin left a voicemail message for the probation officer on July 24, 2012, refusing to take the polygraph since his arrest in Tennessee was not for a sex crime. On August 2, 2012, this officer spoke to Mr. Chaffin and went over his conditions of release, noting the condition requiring submission to polygraph testing. Mr. Chaffin agreed to take the polygraph. On August 9, 2012, Mr. Chaffin advised he had scheduled a polygraph examination for September 11, 2012. Mr. Chaffin was found to be untruthful on the incident specific polygraph administered on September 11, 2012. He was untruthful on questions concerning his prior conviction, unauthorized contact with minors, and sexual contact with minors since his 18th birthday. During a residence contact on September 18, 2012, Mr. Chaffin adamantly denied his prior sexual offense. Dr. Moore advised the defendant was not suitable for sex offender treatment as he continued to deny his sexual history.

On November 26, 2012, Mr. Chaffin was instructed to schedule a follow-up polygraph due to the previous failed polygraph. Another polygraph was recommended by the treatment provider to address the issues failed on the first polygraph. During a residence contact on December 6, 2012, the defendant was asked if he had scheduled the polygraph. He started yelling and saying he had not had time to schedule the polygraph. Mr. Chaffin does not work and was still in bed at the time of this contact, 12:30 p.m. He stated, again, that he should not have to take a polygraph and said he would fail because he would not admit things he did not do. It was explained to Mr. Chaffin that if he did not commit the sexual offense he pled guilty to, the polygraph would indicate he was not lying. Mr. Chaffin flatly stated he was not going to participate in treatment. Mr. Chaffin was, again, instructed to schedule a polygraph in the next two days. Mr. Chaffin left a message at the probation office on December 6, 2013, advising he had a polygraph scheduled for January 10, 2013. Mr. Chaffin failed the polygraph and continued to deny any past sexual offenses.

This officer staffed Mr. Chaffin's case with Supervising Probation Officer Britton Shelton on January 23, 2013. It was decided Mr. Chaffin should be placed in sex offender specific treatment even though he was continuing to deny past offenses, to give him an opportunity to address his denial. On February 13, 2013, this officer staffed Mr. Chaffin's case with Dr. Moore. It was

determined that he would be placed in group treatment. Dr. Moore sent Mr. Chaffin an appointment letter for an intake on March 19, 2013. Mr. Chaffin did not report for this appointment.

On March 20, 2013, the probation officer attempted another residence contact. Mr. Chaffin was not present. A card was left instructing him to report to the probation office on March 21, 2013. Mr. Chaffin reported to the probation office on March 21, 2013, and advised he did not receive the appointment letter to start sex offender treatment. On April 2, 2013, this officer met with Dr. Moore and Mr. Chaffin was given another appointment on April 9, 2013. Dr. Moore sent Mr. Chaffin another appointment letter. On April 5, 2013, this officer called the defendant to confirm he had received the appointment letter. He advised he did and would be there. Mr. Chaffin reported to Dr. Moore 30 minutes late for his appointment on April 9, 2013, and was not seen. On April 11, 2013, Dr. Moore scheduled another appointment for Mr. Chaffin on April 30, 2013.

At 7:25 a.m., on April 30, 2013, the probation officer conducted a residence contact with the defendant. He advised he was not going to the appointment because he could not afford the gas. The defendant was asked why he had not called the probation officer or treatment provider to advise he was not going to attend. He informed he thought he left a message for this officer. No message was received from Mr. Chaffin regarding missing his scheduled appointment. Mr. Chaffin asked if he could go to a treatment provider in Gallatin. He was informed he could see a provider in Gallatin, but he would have to pay for his treatment. Mr. Chaffin said that would be fine because his insurance would cover the cost of treatment.

On May 1, 2013, this officer left a message for Timothy Sewell, with Associates for Sexual Assault Prevention (ASAP) in Gallatin. This was the only local treatment provider registered with the Tennessee Sex Offender Treatment Board. Mr. Jack Tracy, with ASAP, called the probation officer on May 15, 2013, and informed his agency does provide group sex offender treatment in Gallatin. Mr. Tracy was advised of the defendant's need for treatment and he provided reporting instructions. Attempts were made by this officer to contact Mr. Chaffin by phone on May 15 and 21, 2013, there was no answer and no message service. The probation officer went to Mr. Chaffin's residence on May 23, 2013, and left treatment contact information with the defendant's family; Mr. Chaffin was not present. During a residence contact on May 29, 2013, Mr. Chaffin advised he had scheduled an appointment with ASAP for June 14, 2013. On June 7, 2013, this officer had contact with the defendant's brother-in-law, Jerome Wilson. Mr. Wilson advised his wife, Mr. Chaffin's sister, passed away. He also reported that Mr. Chaffin had not paid any rent to him for the past six months and would be asked to leave in July 2013 if he did not start contributing. Mr. Wilson reported that the defendant does not always stay overnight at the residence. The probation officer made contact with Mr. Chaffin on June 7, 2013, at his sister's residence. Mr. Chaffin advised he cancelled his treatment appointment on June 14, 2013, because he did not have the money to pay for services. He could not account for where he had spent his SSI income. He then became very loud and said, again, he would not go to treatment.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

## U.S. Probation Officer Recommendation:

It is respectfully recommended that a summons be issued for William Chaffin, so that he may appear before the Court to answer to the violation behavior outlined above. Mr. Chaffin's failure to comply with treatment needs is not only a violation of supervised release, it presents a risk to the community.

Assistant U.S. Attorney Carrie Daughtrey concurs with the probation officer's recommendation for a summons.

Approved: _____

Britton Shelton
Supervisory U.S. Probation Officer

**SENTENCING RECOMMENDATION**
**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**
**UNITED STATES V. WILLIAM JASPER CHAFFIN CASE NO. 3:10-00252**

**GRADE OF VIOLATION:**              C
**CRIMINAL HISTORY:**              III

**ORIGINAL OFFENSE DATE:**          POST APRIL 30, 2003          **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 Years (Class C Felony)** *18 U.S.C. § 3583(e)(3)* | **5-11 months** *U.S.S.G. § 7B1.4(a)* | **No recommendation** |
| SUPERVISED RELEASE: | **Any term not less than 5 years or life less any term of imprisonment** *18 U.S.C. 3583(h)* | **1 year to life** *U.S.S.G. § 5D1.2(b)(2)* | **No recommendation** |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4(term of imprisonment) is more than one month but not more than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term, U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Donna Jackson
Intensive Supervision Specialist

Approved:     Britton Shelton
              Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** William Jasper Chaffin

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:10CR00252 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date**  _07_ / _27_ / _2011_
   *month     day     year*

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall participate in sex offender assessment and treatment. | C |
| Shall not associate with children under the age of 18. | C |
| Shall furnish all financial records. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  ☐ C

9. **Criminal History Category** *(see §7B1.4(a))*  ☐ III

10. **Range of Imprisonment** *(see §7B1.4(a))*  5 - 11 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** William Jasper Chaffin

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____  Community Confinement _____

Fine($) _____  Home Detention _____

Other _____  Intermittent Confinement _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____1_____ to ___life____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____ imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days